FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 JAN 27 A 8: 36

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **VANGUARD TRADEMARK HOLDINGS USA LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:12cv91-TSE/IDD |
| ) | |
| **NATIIONAL.COM,** ) | |
| an Internet domain name, ) | |
| ) | |
| **Defendant.** ) | |

## VERIFIED COMPLAINT FOR CYBERSQUATTING

Vanguard Trademark Holdings USA LLC ("Vanguard") brings this complaint *in rem* under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the domain name natiional.com.

### PARTIES, JURISDICTION AND VENUE

1. Vanguard is a Delaware limited liability company and has its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri 63105, United States of America.

2. The natiional.com domain name is owned of record by:

> Whois Privacy Services Pty Ltd
> PO Box 923
> Fortitude Valley, QLD 4006 AU

A copy of the WHOIS record for the natiional.com domain name is attached as Exhibit 1.

3. The record owner of the natiional.com domain name, Whois Privacy Services Pty. Ltd., is a so-called "Whois Privacy Service" that is being used to hide the real ownership of the national.com domain name.

4. On information and belief, the real owner of the natiional.com domain name is Vertical Axis, Inc. ("Vertical Axis") having an address of P.O. Box 186W, Worthing, Christ Church, Barbados BB11114.

5. At various times in the past Vertical Axis has claimed that it is located in Gyeonggi-do, Republic of Korea.

6. The Registrar of the natiional.com domain name is Fabulous.com, located in Queensland, Australia.

7. Vertical Axis is a serial cybersquatter having been a Respondent in numerous proceedings under the Uniform Domain Name Dispute Resolution Policy and has been determined to have registered and used at least fifteen other domain names in bad faith.

8. Vertical Axis claims to own many domain names that include domain names that are "typos" of trademarks owned by other entities and that resolve to pay-per-click web pages that usually feature links to Internet web pages that relate to the trademark or the products or services associated with the trademark. When challenged, Vertical Axis claims that the domain name it owns is a generic or descriptive term and that its registration and use of a domain name comprising a typo of a registered mark is legitimate and that it has the right to use the typo form of the mark as a domain name to drive traffic to the web page at that domain.

9. This action arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051 *et seq.* and this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1331 and 1338.

10. This Court has *in rem* jurisdiction over the natiional.com domain name pursuant to 15 U.S.C. § 1225(d) because: (1) VeriSign, Inc., the domain name registry for the natiional.com domain name, is located in the Eastern District of Virginia; (2) the natiional.com domain name violates Vanguard's rights in marks registered in the United States Patent and Trademark Office; and (3) Vanguard is not able to obtain *in personam* jurisdiction over the persons or entities who would have been defendants in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1) because the record owner and Vertical Axis are located in Australia and Barbados respectively.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 15 U.S.C. § 1125(d)(2) because the property, i.e., the natiional.com domain name, is located in the Eastern District of Virginia because VeriSign, Inc., maintains the domain name Registry for the natiional.com domain name in the Eastern District of Virginia. Venue in this district is also proper pursuant to 28 U.S.C. § 1391 (d) because the both the record owner of the natiional.com domain name and Vertical Axis al Axis are aliens.

12. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Plaintiff will effect service of process by publishing notice of the action as the Court may direct and by sending a notice of the alleged violation and intent to proceed under provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), on the basis of *in rem* jurisdiction against the natiional.com domain name together with a time-stamped copy of this complaint to the record owner of the

natiional.com domain name at the postal and email address provided to the Registrar, and as to Vertical Axis at the postal and email address provided to the prior Registrar when Vertical Axis was the record owner of the natiional.com domain name.

13. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff will provide notice and a filed, stamped copy of this complaint to the Registrar of the natiional.com domain name, Fabulous.com, and to VeriSign, Inc. as the operator of the Registry for the natiional.com domain name.

## FACTS GIVING RISE TO THIS ACTION

14. Vanguard, through its predecessors in interest and current licensees, has used the NATIONAL and NATIONAL CAR RENTAL marks in the United States since 1948.

15. National Car Rental ("National") is a premium, internationally recognized brand serving the daily car rental needs of the frequent airport business traveler throughout the United States, Canada, Mexico, the Caribbean, Europe, Latin America, Asia and the Pacific Rim.

16. National is well-known to consumers for being the first to offer new and innovative features to rental car customers, including being the first car rental brand to offer one-way rental (1954), to use computers in daily reservation operations (1966), to offer flat rates to car renters (1976), to offer a comprehensive frequent-renter program, "Emerald Club" (1987) and, more recently, National starting giving its customers to choose their own vehicle and the ability to bypass the counter when they complete their rental transaction online.

17. In 2007, through its acquisition of Vanguard, Enterprise Holdings, Inc., acquired National and Alamo Rent-A-Car and together with Enterprise Rent-A-Car, the NATIONAL, ALAMO and ENTERPRISE brands comprise one of the largest vehicle rental operations in world.

18. Vanguard is the owner of the following registrations for the relevant marks in the United States:

Registration No. 1,537,711 issued 20 September 1988 for NATIONAL in International Class 39 for "automobile rental" (Secondary meaning shown).

Registration No. 1,540,913 issued 23 May 1989 for NATIONAL CAR RENTAL ("Car Rental" disclaimed) in International Class 39 for "automobile rental services."

Each of those registrations is valid and subsisting and under the provisions of 15 U.S.C. § 1115 is conclusive evidence of the validity of the registered mark and of the registration of the mark, of Vanguard's ownership of the mark, and of Vanguard's exclusive right to use the registered mark in commerce on or in connection with the services covered by the registration. Copies of print-outs from the United States Patent and Trademark Office Trademark Application and Registration Retrieval system showing the current status of each of these registrations are attached as Exhibits 2 and 3.

19. The natiional.com domain name is comprised of a "typo" of the NATIONAL mark and is confusingly similar to the federally registered and incontestable NATIONAL mark.

20. Because of their confusing similarity to the NATIONAL mark, the natiional.com domain name is being used to divert Internet users to websites unrelated to National's vehicle rental services.

21. The natiional.com domain name resolves to a web site that is in no way related to anything "National." As of January 10, 2012, the web page to which the natiional.com domain name resolved carried the heading:

natiional.com
Click here to make an offer on this domain name

Below that heading is a rectangle with a large reproduction of red tulips on the left and a list of "Related Searches" – Financial Planning, Insurance, Travel, Computers, Shopping, Lifestyle, Legal Help, Real Estate and Health Care. A copy of the "home page" at natiional.com is attached to this complaint as Exhibit 4.

22. The listing "Travel" on the natiional.com web page is linked to another generic web page with the heading "natiional.com Click here to make an offer on this domain name," as well as a list of "Related Searches" on the left side of the page – TRAVEL, Airline, Car Rental, Hotels, Cruises, and Vacations, and links to various travel sites in the middle of the page, including Orbitz, Cheap Tickets and Priceline, and a repetition of the list of "Related Searches" from the "home page" under the heading "Popular Categories." A copy of the "Travel" page from the natiional.com web site is attached to this Complaint as Exhibit 5.

23. The listing "Car Rental," on the Travel" page on the natiional.com is linked to another generic web page with the heading "natiional.com Click here to make an offer on this domain name," as well as a list of "Related Searches" on the left side of the page – TRAVEL, Airline, Car Rental, Hotels, Cruises, and Vacations. In the center of that page is a listing of "ads," the first one of which is for "National® Car Rental." Beneath the NATIONAL CAR RENTAL listing are links to various other car rental companies, including both competitors of National (Thrifty and Dollar) and related companies (Enterprise and Alamo). On the left side of the page is a repetition of the list of "Related Searches" from the "home page" under the heading "Popular Categories." A copy of the "Car Rental" page from the natiional.com web site is attached to this Complaint as Exhibit 6.

24. On April 14, 2011, Vanguard filed a Complaint under the Uniform Domain Name Dispute Resolution Policy ("UDRP") against the record owner of the natiional.com and the National Arbitration Forum appointed a three person panel to decide whether Vanguard's complaint established the three elements necessary for it to succeed under the UDRP.

25. The panelists appointed by the National Arbitration Forum were the Honorable Glen Ayers, the Honorable Charles McCotter, Jr. and the Honorable Neil Anthony Brown, Q.C. (the "Panel"). None of the appointed panelists is an experienced trademark practitioner.

26. The Panel issued a decision on May 31, 2011 in which it found that the natiional.com domain name was confusingly similar to Vanguard's NATIONAL mark in which Vanguard had rights and that Vanguard met its burden of making a *prima facie* case that Vertical Axis lacks rights and legitimate interests in natiional.com and that Vertical Axis registered and was using the natiional.com domain name in bad faith. A majority of the Panel found that Vertical Axis had rebutted the showing that Vertical Axis no rights and the Panel unanimously found that Vertical Axis had rebutted the showing that natiional.com was registered and used in bad faith and denied Vanguard's complaint. A copy of the Panel's decision regarding natiional.com is attached as Exhibit 7.

27. On the same day, May 31, 2011, that the Panel decision regarding natiional.com was issued, the majority of another panel appointed by the National Arbitration Forum that included two experienced trademark practitioners found that with regard to a UDRP Complaint concerning the domain name nationnal.com, Vanguard had established all three elements required under the UDRP and ordered the domain name nationnal.com transferred to Vanguard. A copy of the UDRP Panel's decision regarding nationnal.com is attached as Exhibit 8.

## CAUSE OF ACTION

28. Vanguard realleges and incorporates by reference each of the paragraphs above as though fully set forth here.

29. The natiional.com domain name violates Vanguard's rights in the NATIONAL mark.

30. Vanguard is not able to obtain *in personam* jurisdiction over the persons or entities who would have been defendants in a civil action under paragraph 1 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1), rendering the natiional.com domain name amenable to an in rem action under 15 U.S.C. § 1125(d)(1)

31. The natiional.com domain name infringes Vanguard's trademark rights in its NATIONAL mark under 15 U.S.C. § 1125(d).

32. The NATIONAL mark was distinctive at the time of the registration and use of the natiional.com domain name by its current owner.

33. The natiional.com domain name is confusingly similar to the NATIONAL mark.

34. The natiional.com domain name was registered, trafficked in, or used with the bad faith intent to profit from the confusing similarity of that domain name to the NATIONAL mark.

35. Neither the record owner of the natiional.com domain name nor Vertical Axis has any trademark or intellectual property rights in "NATIIONAL" or the natiional.com domain name.

36. The natiional.com domain name is not the legal name of the entity listed as the record owner of the natiional.com domain name or Vertical Axis.

37. The natiional.com domain name does not consist of any name that is commonly used to identify the record owner of the natiional.com domain name or Vertical Axis.

38. Neither the record owner of the natiional.com domain name nor Vertical Axis has made any prior use of any of the natiional.com domain name in connection with a bona fide offering of goods or services or a legitimate noncommercial or fair use.

39. The natiional.com domain name was registered without authorization from Vanguard and Vanguard has not licensed or otherwise permitted either the record owner of the natiional.com domain name or Vertical Axis to use its NATIONAL mark in connection with car rental services or any other goods or services or to apply for any domain name similar to the NATIONAL mark.

40. The natiional.com domain name was registered and used to divert consumers from the National Car Rental web site and other web sites to the web site accessible under the natiional.com domain name, for the registrant/owner's commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the natiional.com web site.

41. The NATIONAL mark is both distinctive and famous under US federal trademark law.

42. The registration, use, or trafficking in the natiional.com domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

43. By reason of the facts alleged in this Complaint, Vanguard's remedy at law is not adequate to compensate it for the injuries inflicted by and which continue to be inflicted by the registration, use, and trafficking in the natiional.com domain name and Vanguard is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vanguard respectfully requests judgment as follows:

A. A declaration that the natiional.com domain name is a defendant *in rem*;

B. A declaration that the natiional.com domain name has violated Vanguard's rights in its NATIONAL mark under 15 U.S.C. § 1125(d);

C. That the Court order VeriSign, Inc. to transfer the natiional.com domain name to a Registrar of Vanguard's choosing and that the chosen Registrar transfer ownership of the natiional.com domain name to Vanguard; and

D. That Vanguard be awarded such other relief as may be appropriate.

Respectfully submitted,

HARNESS, DICKEY & PIERCE, P.L.C.

Dated: January __, 2012   By: _____
Terry L. Clark
Virginia Bar No. 34640
11730 Plaza America Drive, Suite 600
Reston, Virginia 20190
Telephone: 703-668-8000
Facsimile: 703-668-8200
Email: tclark@hdp.com
Attorneys for Vanguard Trademark Holdings USA LLC

## VERIFICATION

Renee N. Reuter, under penalty of perjury of the laws of the United States declares:

That Vanguard Trademark Holdings USA LLC ("Vanguard") is a subsidiary of Enterprise Holdings, Inc.; that she is Corporate Counsel – Intellectual Property, Office of the General Counsel of Enterprise Holdings, Inc., and directs Vanguard's trademark and domain name enforcement program; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent to which matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 19th day of January, 2012 in St. Louis, Missouri.

_____
Renee M. Reuter

60913339.1